IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| CHARLES C. NEAL; MOLOKINI DIVERS, INC.; and NEALCO INTERNATIONAL, LLC dba SCUBA SHACK,<br><br>             Plaintiffs,<br><br>      vs.<br><br>CAROL CHRISTINI; INSURANCE MANAGEMENT SERVICES, INC.; PATRICK KUDLICH; OCEAN MARINE INSURANCE AGENCY, INC.,<br><br>             Defendants. | CIVIL NO. 16-00242 DKW-RLP<br><br>**ORDER GRANTING DEFENDANT CHRISTINI'S MOTION TO DISMISS BASED ON LACK OF SUBJECT MATTER JURISDICTION** |

**ORDER GRANTING DEFENDANT CHRISTINI'S MOTION TO DISMISS
BASED ON LACK OF SUBJECT MATTER JURISDICTION**

Defendant Carol Christini moves to dismiss for lack of subject matter jurisdiction, asserting the absence of admiralty or maritime jurisdiction under 28 U.S.C. § 1333. Dkt. No. 14. Because this case arises out of allegations of professional negligence, with the alleged torts occurring entirely on land, the Court agrees and GRANTS Christini's Motion to Dismiss.

## BACKGROUND

Plaintiffs operate a scuba diving and snorkeling tour enterprise in the State of Hawaii. Complaint ¶¶ 1-3, 12. At some unspecified date, but prior to July 20, 2014, Plaintiffs sought and obtained maritime insurance through Christini, an insurance broker, and/or her employer, IMS, "for the purpose of being protected against claims arising from scuba diving and snorkeling tours[.]" *Id.* ¶ 16. Christini subsequently "improperly terminated" her business relationship with Plaintiffs, who then used the services of co-defendants Patrick Kudlich and Ocean Marine Insurance Agency, Inc. ("OMIA") for their insurance needs. *Id.* ¶¶ 19-20.

On July 20, 2014, Plaintiffs were involved in an incident that occurred off of Molokini Island, Maui, Hawaii, which resulted in the death of one person and injuries to two others.[1] *Id.* ¶ 29. One of the injured individuals made claims for maintenance and cure under the Jones Act. *Id.* Plaintiffs tendered these claims to their insurers and were denied coverage. *Id.* ¶ 30. Plaintiffs later discovered, allegedly for the first time that, according to their insurers, their insurance policy or policies were not "MEL" policies and/or insurance policies that would provide full coverage for injuries to employees and customers. *Id.*

---

[1] There are two cases before this district court related to these series of events: *Strickert v. Neal*, CV 14-00513 DKW-RLP; and *Osaki v. Neal*, CV 15-00409 DKW-RLP.

On May 19, 2016, Plaintiffs instituted the instant action against Defendants, asserting jurisdiction solely under 28 U.S.C. § 1333.  Dkt. No. 1.  In Count I, Plaintiffs allege as follows:

> 31.  Plaintiffs repeat and re-allege all prior allegations as if fully set forth herein.
>
> 32.  Christini and/or IMS, individually and jointly, owed a duty to Plaintiffs to recommend, offer, and/or provide MEL insurance policies and/or insurance policies which would provide full coverage for injuries to employees and customers that would protect Plaintiffs against claims arising from scuba diving and snorkeling tours, including but not limited to Jones Act claims.
>
> 33.  Based on the denials of coverage referenced above, Christini and/or IMS, individually and jointly, failed to recommend, offer, and/or provide MEL insurance policies and/or insurance policies which would provide full coverage for injuries to employees and customers that protected Plaintiffs against claims arising from scuba diving and snorkeling tours, including but not limited to Jones Act claims.
>
> 34.  Christini and/or IMS' acts and omissions were the proximate cause of the harm suffered by Plaintiffs, namely the denial of coverage after tender of claims arising from scuba diving and snorkeling tours, including but not limited to Jones Act claims.
>
> 35.  As a result of Christini and/or IMS' failure to recommend, offer, and/or provide MEL insurance policies and/or insurance policies which would provide full coverage for injuries to employees and customers that protected Plaintiffs against claims arising from scuba diving and snorkeling tours, including but not limited to Jones Act claims, Plaintiffs have been injured in an amount to be proven at trial.

> 36. Christini and/or IMS's actions and omission in failing to provide MEL insurance policies and/or insurance policies which would provide full coverage for injuries to employees and customers to a scuba diving/snorkeling entity were grossly negligent, outrageous, willful, wanton, and/or made in reckless indifference to the rights of Plaintiffs, such that punitive damages should be awarded in an amount to be determined a trial.

*Id.* ¶¶ 31-36.

Counts II, III, and IV, respectively, allege vicarious liability, negligent supervision, and negligent employment against IMS. *Id.* ¶¶ 37-52. Count V alleges negligence against Kudlich and/or OMIA. *Id.* ¶¶ 54-60. Counts VI, VII, and VIII, respectively, allege vicarious liability, negligent supervision, and negligent employment against OMIA. *Id.* ¶¶ 61-76.

On August 9, 2016, Christini filed a Motion to Dismiss Based on Lack of Subject Matter Jurisdiction and, in the alternative, Motion for Judgment on the Pleadings. Dkt. No. 14. Plaintiffs opposed the motion, while co-defendants Kudlich and OMIA took no position. Dkt. Nos. 22, 35. The Court held a hearing on the Motion on September 30, 2016.

## STANDARD OF REVIEW

### I. Subject Matter Jurisdiction

Christini brings her Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Rule 12(b)(1) authorizes a district court to dismiss an action for lack of subject matter jurisdiction. "[T]he party asserting subject matter

4

jurisdiction has the burden of proving its existence." *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009). As part of its jurisdictional evaluation, the Court may consider evidence outside the pleadings and should not presume that the allegations of the complaint are true. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000); *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

## II.     Judgment on the Pleadings

In the alternative, Christini moves under Federal Rule of Civil Procedure 12(c), which permits a party to move for judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c). "Analysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6) because, under both rules, 'a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy.'" *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (quoting *Brooks v. Dunlop Mfg. Inc.*, No. 10-04341 CRB, 2011 WL 6140912, at *3 (N.D. Cal. Dec. 9, 2011)).

When evaluating a Rule 12(c) motion, the allegations of the nonmoving party are accepted as true, while the contradicting allegations of the moving party are assumed to be false. *See MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006). "The Court inquires whether the complaint at issue contains 'sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face.'" *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012)

(quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Therefore, "'[a] judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law.'"  *Marshall Naify Revocable Trust v. United States*, 672 F.3d 620, 623 (9th Cir. 2012) (quoting *Fajardo v. Cnty. of L.A.*, 179 F.3d 698, 699 (9th Cir. 1999)).

## DISCUSSION

### I.     Admiralty Tort Jurisdiction

The Complaint solely alleges tortious conduct by Defendants.  The parties agree that the test for general maritime jurisdiction over torts under 28 U.S.C. § 1333 consists of a "location" prong and a "connection" (or nexus) prong.  *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995).  Under the first prong, a court must determine whether the tort occurred on navigable water or whether the injury suffered on land was caused by a vessel on navigable water.  *Id.*  Under the second prong, the court must determine: (1) whether the incident has a "potentially disruptive impact on maritime commerce"; and (2) whether the "general character" of the "activity giving rise to the incident" bears a "substantial relationship to traditional maritime activity."  *Id.* (quoting *Sisson v. Ruby*, 497 U.S. 358, 363-65 (1990)).  As set forth below, Defendants fail

to satisfy the locality requirement. Accordingly, this Court lacks admiralty jurisdiction over this case.

The first prong, the locality test, requires that the incident have occurred on navigable waters, or that the injury suffered on land was caused by a vessel on navigable water. Here, the tort at issue is not the July 20, 2014 snorkeling incident off of Molokini Island, as Plaintiffs' opposition brief asserts. Rather, the relevant tort for purposes of this case is the negligent provision or sale of insurance by Defendants sometime prior to July 20, 2014, insurance that turned out to be inadequate to meet the needs of Plaintiffs once their employees and customers suffered injury. More specifically, Plaintiffs allege that Christini and the other co-defendants negligently sold insurance policies to Plaintiffs that were not MEL insurance policies and/or insurance policies that would provide full coverage for injuries to employees and customers. The sale of and negotiation over these insurance policies did not occur on navigable water, nor did the subsequent denial of coverage. As such, the tort alleged here does not satisfy the locality test for admiralty jurisdiction.[2] *See, e.g., Broughton v. Florida Int'l Underwriters, Inc.*, 139 F.3d 861, 864 (11th Cir. 1998) (concluding that the district court did not have admiralty jurisdiction to adjudicate an insured boat owner's claim against his

---

[2]Because the locality test is not satisfied, the Court need not determine whether the nexus test is satisfied, as both are required for the Court to exercise admiralty jurisdiction. *See Grubart*, 513 U.S. at 534.

broker where the alleged tort did not occur on navigable water, nor was there an injury on land that was caused by a vessel on navigable water); *see also LaMontagne v. Craig*, 817 F.2d 556, 557 (9th Cir. 1987) (holding that the alleged defamation occurred on land, rather than on navigable waters, and thus, the district court lacked admiralty jurisdiction).

## II. <u>Admiralty Contract Jurisdiction</u>

As currently pled, the Complaint does not allege a breach of contract claim, and no such claim may lie. However, Plaintiffs request that if the underlying July 20, 2014 incident which gave rise to the uncovered Jones Act claim does not satisfy the locality requirement, then "Plaintiffs seek leave to amend the complaint to add claims against all defendants for breach of contract to provide proper maritime insurance to Plaintiffs sufficient to cover Plaintiffs for Jones Act claims and a breach of the [covenant] of good faith and fair dealing." Dkt. No. 22 at 12.

Prior to 1991, it was generally well-established that contracts to procure maritime insurance were not within the admiralty jurisdiction of the federal courts. *See, e.g.*, *Frank B. Hall & Co. v. S.S. Seafreeze Atlantic*, 423 F. Supp. 1205, 1209 (S.D.N.Y. 1976) ("It is well settled that contracts and agreements to procure marine insurance on vessels and their cargoes are not maritime and, consequently, are outside the admiralty jurisdiction." (internal quotations marks and citation omitted)); *Continental Cameras Co., Inc. v. Foa & Son Corp.*, 658 F. Supp. 287,

289 (S.D.N.Y. 1987) ("Further support for our analysis lies in the case law which holds that contracts to procure marine insurance are not within the admiralty jurisdiction of a federal court."). This was based on the rationale that preliminary contracts, such as contracts leading up to a maritime contract, were not considered maritime. Under this view, a maritime insurance policy was considered maritime, while a contract to procure such a policy was not. *See, e.g.*, *Princess Cruises Corp., Inc. v. Bayly, Martin & Fay, Inc.*, 373 F. Supp. 762 (N.D. Cal. 1974) (noting that "marine insurance policies and the claims that arise directly from them are within admiralty jurisdiction, while contracts and agreements to procure marine insurance are outside admiralty jurisdiction" (citation omitted)); David W. Robertson, *et al.,* Admiralty and Maritime Law in the United States 54 (2d ed. 2008) ("At least until recently, it was generally thought that certain contracts that lead up to a maritime contract are not maritime. Under this view, for example, although a marine insurance policy is maritime, a contract to procure such a policy was not."); 1 Thomas J. Schoenbaum, Admiralty and Maritime Law § 3-10 (5th ed. 2011).

In *Exxon Corp. v. Central Gulf Lines, Inc.*, 500 U.S. 603 (1991), the United States Supreme Court held that "[r]ather than apply a rule excluding all or certain agency contracts from the realm of admiralty, lower courts should look to the subject matter of the agency contract and determine whether the services

performed under the contract are maritime in nature." *Exxon*, 500 U.S. at 612. Following *Exxon*, the Ninth Circuit has declared that "[t]o ascertain whether an insurance policy is maritime, [a court] must examine the 'nature and subject-matter' of the contract[.]" *Sentry Select Ins. Co. v. Royal Ins. Co. of America*, 481 F.3d 1208, 1217 (9th Cir. 2007) (quoting *Exxon*, 500 U.S. at 611). To that end, "the true criterion is whether it has reference to maritime service or maritime transactions[.]" *Id.* (internal quotation marks and citation omitted).[3]

In the instant case, the subject matter of the contract that Plaintiffs attempt to rely on apparently relates to "a contract to provide proper maritime insurance[.]" Dkt. No. 22 at 12. Without more, the Court is unable to determine whether any alleged contract between Plaintiffs and Defendants would satisfy the contract test for admiralty jurisdiction. The Court grants Plaintiffs until **November 1, 2016** to file an amended complaint that clearly establishes this Court's subject matter jurisdiction over this matter.

## **CONCLUSION**

For the foregoing reasons, the Court GRANTS Christini's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. No. 14).[4] Plaintiffs are

---

[3] The Court acknowledges that following *Exxon*, several courts have concluded that contracts with insurance brokers to procure maritime insurance are within the admiralty jurisdiction of federal courts. *See, e.g.*, *Fernandez v. Haynie*, 120 F.Supp.2d 575 (E.D. Va. 2000), *aff'd*, 31 Fed.Appx. 916 (4th Cir. 2002).

[4] Because the Court lacks subject matter jurisdiction over this matter, it does not reach Christini's alternative argument under Federal Rule of Civil Procedure 12(c).

GRANTED leave to file a First Amended Complaint by no later than **November 1, 2016** in order to cure the deficiencies noted in this order.

IT IS SO ORDERED.

DATED: October 11, 2016 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

Neal v. Christini; CV 16-00242 DKW-RLP; **ORDER GRANTING DEFENDANT CHRISTINI'S MOTION TO DISMISS BASED ON LACK OF SUBJECT MATTER JURISDICTION**